UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL COOPER,

                Plaintiff,        Civil Action No. 18-12611
                                        Honorable Linda V. Parker
v.                                      Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [12, 14]**

Plaintiff Daniel Cooper ("Cooper") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #12, #14), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Cooper is not disabled under the Act. Accordingly, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #14**) be **GRANTED**,

Cooper's Motion for Summary Judgment (**Doc. #12**) be **DENIED**, and that pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

## II.   REPORT

### A.   Background

Cooper was 45 years old at the time of his application date of February 23, 2016, and at 6'1" tall weighed approximately 225 pounds during the relevant period. (Tr. 33-34, 190). He completed the eleventh grade and later earned his GED. (Tr. 34, 191). Over the years, he worked sporadically in a few different jobs, most recently as a tree trimmer, before stopping work in early 2016 when he had back surgery. (Tr. 36-39, 191-92, 205). He now alleges disability primarily as a result of continuing back and hip pain, as well as left elbow pain. (Tr. 41, 190).

After Cooper's application for SSI was denied at the initial level on May 24, 2016[1] (Tr. 91-95), he timely requested an administrative hearing, which was held on November 20, 2017, before ALJ Colleen Mamelka (Tr. 29-63). Cooper, who was represented by attorney Samantha Ball, testified at the hearing, as did vocational expert Toni McFarland. (*Id.*). On February 23, 2018, the ALJ issued a written decision finding that Cooper is not disabled under the Act. (Tr. 15-25). On July 6,

---

[1] Cooper had filed a prior application for SSI. On August 16, 2013, ALJ Richard Gartner issued a written decision finding that Cooper was not disabled under the Act. (Tr. 67-73). On October 31, 2014, the Appeals Council denied review, and Cooper did not appeal that claim any further. (Tr. 15).

2

2018, the Appeals Council denied review. (Tr. 1-5). Cooper timely filed for judicial review of the final decision on August 21, 2018. (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Cooper's medical record, Function and Disability Reports, and testimony as to his conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

**B.     The ALJ's Application of the Disability Framework Analysis**

Under the Act, SSI is available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Cooper is not disabled under the Act. At Step One, the ALJ found that Cooper has not engaged in substantial gainful activity since February 23, 2016 (the application date). (Tr. 17). At Step Two, the ALJ found that he has the severe impairments of disc protrusions, degenerative disc disease with anterolisthesis with stenosis post lumbar decompression and fusion, lumbar radiculopathy, asthma, and left elbow epicondylitis. (*Id.*). At Step Three, the ALJ found that Cooper's impairments,

4

whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 20).

The ALJ then assessed Cooper's residual functional capacity ("RFC"), concluding that he is capable of performing sedentary work, with the following additional limitations: needs a sit/stand option at will, but not off task more than 10% of the work day; can occasionally balance, climb ramps/stairs, push/pull with the lower extremities, and reach overhead bilaterally; is unable to climb ladders, ropes, or scaffolds; cannot be around unprotected heights or moving machinery; and can have no exposure to extreme cold, environmental irritants (fumes, dusts, gases, odors), or poorly ventilated areas. (Tr. 21).

At Step Four, the ALJ found that Cooper is not capable of performing any of his past relevant work. (Tr. 23). At Step Five, the ALJ determined, based in part on testimony provided by the vocational expert in response to hypothetical questions, that Cooper is capable of performing the jobs of document preparer (61,000 jobs nationally), final assembler (21,000 jobs), and order clerk (14,000 jobs). (Tr. 24). As a result, the ALJ concluded that Cooper is not disabled under the Act. (*Id.*).

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of

evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

**D.    Analysis**

Cooper's sole argument before this Court is that the ALJ erred at Step Three of the sequential analysis when she "failed to obtain an expert medical opinion" as to whether his impairments medically equal Listing 1.04(A).[2] (Doc. #12 at 10). At Step Three, the plaintiff bears the burden of establishing that his impairments meet or medically equal a listed impairment.[3] *See Bingaman v. Comm'r of Soc. Sec.*, 186 F. App'x 642, 644 (6th Cir. 2006). "When a claimant has a listed impairment but does not meet the criteria, an ALJ can find that the impairment is 'medically equivalent' to the listing if the claimant has 'other findings related to [the]

---

[2] Listing 1.04(A) requires evidence of a disorder of the spine (*e.g.*, degenerative disc disease) with: "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04(A).

[3] Cooper does not challenge the ALJ's finding that he does not *meet* the requirements of any Listing and, thus, any such argument is waived. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (undeveloped claims are waived).

7

impairment that are at least of equal medical significance to the required criteria.'" *Thomas v. Comm'r of Soc.*, No. 12-14758, 2014 WL 688197, at *8 (E.D. Mich. Feb. 21, 2014) (quoting 20 C.F.R. § 416.926(a)).

Here, the ALJ found that Cooper "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (Tr. 20). It is undisputed that in reaching that decision the ALJ did not obtain an expert medical opinion as to whether his impairments medically equal Listing 1.04(A). For the reasons set forth below, the ALJ did not err in failing to obtain such an opinion, and her decision is supported by substantial evidence.

Cooper relies on Social Security Ruling ("SSR") 17-2p,[4] which became effective on March 27, 2017, arguing that this Ruling imposes certain "evidentiary requirements" regarding the issue of medical equivalence. (Doc. #12 at 11). Specifically, Cooper quotes SSR 17-2p for the following proposition:

> To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:
>
> 1. A prior administrative medical finding from a[] [medical consultant] or [psychological consultant] from the initial or

---

[4] SSRs are binding on all components of the agency. *See* 20 C.F.R. § 402.35(b)(1). As the agency's interpretation of its own regulations, a SSR "is entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004).

8

> reconsideration adjudication levels supporting the medical equivalence finding, or
>
> 2. [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> 3. A report from the [Appeals Council's ("AC")] medical support staff supporting the medical equivalence finding.

(*Id.* (quoting *SSR 17-2p*, 2017 WL 3928306, at *3 (Mar. 27, 2017))).[5] The problem for Cooper, however, is that the very language on which he relies makes clear that it applies only when the ALJ finds that a claimant's impairments *are* medically equivalent to a Listing. Here, the ALJ found the opposite – that Cooper's impairments are *not* medically equivalent to the Listing's requirements. A different portion of SSR 17-2p describes the evidentiary requirements applicable to such a finding:

> If an adjudicator at the hearings or AC level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, ***we do not require the adjudicator to obtain [medical expert] evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment***.

*SSR 17-2p*, 2017 WL 3928306, at *4 (emphasis added). Moreover, with respect to an ALJ's responsibility to articulate the grounds for a "not medically equivalent"

---

[5] Cooper correctly points out that, in this case, there is no opinion from a medical consultant or medical expert as to equivalence; rather, the record contains only the assessment of a single decision maker (Tr. 77-87), which is not medical evidence.

9

finding, SSR 17-2p provides:

> [A]n adjudicator at the hearings or AC level must consider all evidence in making a finding that an individual's impairment(s) does not medically equal a listing. ***If an adjudicator at the hearings or AC level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding.*** An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.

*Id.* (emphasis added).

In this case, the ALJ specifically found that Cooper "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[,]" including Listing 1.04.[6] (Tr. 20). Thus,

---

[6] Cooper argues only that the ALJ erred in failing to obtain an expert medical opinion on equivalence; he does not specifically argue that the ALJ's equivalency finding is not supported by substantial evidence. (Doc. #12 at 10-13). Regardless, however, substantial evidence in the record supports the ALJ's determination in this respect. Throughout her decision, the ALJ discussed the medical evidence of record, noting, for example, that on March 25, 2016, Cooper underwent L4-S1 fusion for unstable and mobile anterolisthesis of L4-L5 and severe degenerative disease and lumbar stenosis at L4-L5 and L5-S1. (Tr. 18, 244, 260). The ALJ further noted that x-rays of the lumbar spine taken at that time showed satisfactory appearance of the lumbar fusion at L4-S1. (Tr. 22, 255). Indeed, shortly after the surgery, Cooper reported improved leg and back pain, and was found on follow-up to be "doing well." (Tr. 262, 264). Cooper's doctor indicated after the surgery that he did not expect Cooper's impairments to last at least twelve months. (Tr. 266). Follow-up x-rays taken in May 2016 showed no acute lumbosacral abnormality, normal alignment of the lumbar vertebrae, and only mild narrowing of the L4-L5 and L5-S1 disc spaces (Tr. 329), and x-

under SSR 17-2p, because the ALJ found that the evidence did not reasonably support a finding that Cooper's impairments medically equaled Listing 1.04(A), she was *not* required to first obtain medical expert evidence to support that finding, nor was she required to specifically articulate the bases for that conclusion.[7] *See, e.g., Marvin v. Comm'r of Soc. Sec.*, No. 17-330, 2018 WL 4214339, at *3, n. 3 (W.D. Mich. Aug. 10, 2018) (SSR 17-2p "has clarified that an ALJ is not required to obtain a medical expert's opinion before making a finding that an individual's impairments do not meet or equal a listing impairment"); *DeGonzalez v. Berryhill*, No. 16-CV-

---

rays taken in July 2016 were unchanged (Tr. 515). The ALJ also noted that a July 2016 MRI of the lumbar spine revealed interval posterior fusion of L4-S1 with minimal anterolisthesis of L4 on L5 and disc bulges at L4-L5 and L5-S1 causing mild foraminal encroachment but no central canal stenosis. (Tr. 18, 322). The same doctor who, in May 2016, instructed Cooper to "try to wean yourself off of norco and use tylenol instead," declined Cooper's July 2016 request for pain medication "this far after surgery." (Tr. 326, 331).

The ALJ further observed that, when Cooper continued to experience back pain post-surgery, he saw Stephen Sullivan, M.D., a neurosurgeon at Michigan Medicine in April 2017. (Tr. 18, 429-32). Dr. Sullivan noted that his review of Cooper's imaging studies showed "no evidence of neurocompression." (Tr. 431). He did not recommend further surgery but, rather, referred Cooper for conservative management. (*Id.*). The ALJ noted that, subsequently, Cooper saw Jane Beimer, M.D., a physiatrist, in June 2017. (Tr. 18, 352-55). On examination, Dr. Beimer noted that lumbar range of motion was severely reduced in all planes, but seated and supine straight leg raising tests were "unreliable," and Cooper had full strength, intact sensation, and normal muscle bulk and tone. (Tr. 353). She found no signs of lumbosacral radiculopathy or cauda equina syndrome. (Tr. 354).

In addition to all of this medical evidence, the ALJ pointed out that, aside from an April 2016 opinion issued just after Cooper's fusion surgery, indicating that he could not work for three months, there is no subsequent opinion in the record stating that Cooper is unable to work. (Tr. 22). The ALJ also pointed out that Cooper has not been fully compliant with medical treatment and had a "very poor work history, which is not indicative of someone motivated to work[.]" (*Id.*). Thus, all of these reasons articulated by the ALJ as to why Cooper is not disabled also provide a "rationale that is sufficient for [this Court] to determine the basis for the finding about medical equivalence at step 3." *SSR 17-2p*, 2017 WL 3928306, at *4.

[7] The Commissioner spelled all of this out in her summary judgment motion (Doc. #14), yet Cooper did not file anything in response.

06723, 2018 WL 6834474, at *8, n. 4 (E.D. N.Y. Dec. 28, 2018) ("SSR 17-2p also makes clear that an ALJ does not need to obtain a medical expert opinion to determine that impairments are *not* medically equivalent to a listing, whether or not the initial determination was made by a[] [single decision maker].") (emphasis in original); *Holmes v. Comm'r of Soc. Sec.*, No. 1:17-cv-1648, 2018 WL 3544902, at *3 (N.D. Ohio July 24, 2018).  As such, Cooper has identified no error warranting remand.

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence.

## III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #14**) be **GRANTED**, Cooper's Motion for Summary Judgment (**Doc. #12**) be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: April 8, 2019                         s/David R. Grand
Ann Arbor, Michigan                    DAVID R. GRAND
                                       United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections

to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2019.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
